IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard C. Collins, | : | |
| Plaintiff | : | Civil Action 2:010-cv-01161 |
| v. | : | Judge Sargus |
| Robin Knab, Warden and Alice Ault, H.C.A, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

# ORDER

Plaintiff Richard C. Collins, a State prisoner, brings this action under 42 U.S.C. § 1983 alleging that he has been denied necessary medical treatment. This matter is before the Court on plaintiff's July 15, 2011 motion for reconsideration of the Magistrate Judge's Order denying his motion for the appointment of counsel. (Doc. 19.)

Plaintiff argues that he should have been appointed counsel. He contends that the Magistrate Judge's finding that his failure to demonstrate a substantial likelihood of success on the merits conflicts with the statement that plaintiff has the ability to represent himself. Plaintiff maintains that this finding demonstrates bias and prejudice against the plaintiff and leaves him at an unfair advantage. Plaintiff maintains that as a person confined to a correctional institution, he is considered "incompetent" under Ohio law. The Magistrate Judge issued his decision without considering whether he was incompetent under Ohio law, whether he was mentally disabled as a result of

chronic substance abuse, and he was not aware that another inmate was had been drafting all of plaintiff's pleadings and motions filed thus far. The individual who had been assisting him is not longer able to do so, and plaintiff requires that counsel be appointed. Plaintiff does not have the ability to understand the various medical terms or to obtain relevant medical documents.

As that Magistrate Judge stated, a litigant has no constitutional right to be represented by counsel when his personal freedom is not at issue as in this case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 26-27 (1981). The appointment of counsel in a civil case under 28 U.S.C. §1915(d) is within the sound discretion of the district court. *Kennedy v. Meachum*, 540 F.2d 1057, 1062 (10th Cir. 1976); *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). It is a privilege, not a right. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). Factors to consider are (1) whether the litigant has a colorable claim, *Hyman v. Rickman*, 446 U.S. 989, 992 (1980)(Blackmun, J., dissenting from a denial of a writ of *certiorari*); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985); (2) whether he is able to adequately investigate the facts, *Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir.), *cert. denied*, 464 U.S. 986 (1983); *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981); (3) whether he lacks the capacity to represent himself, *Merritt v. Faulkner*, 697 F.2d at 765; *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978); (4) whether there is conflicting testimony which could best be tested by counsel, *Maclin v. Freake*, 650 F.2d at 888; and (5) the complexity of the legal issues raised. *Merritt v. Faulkner*, 697 F.2d at 765; *Maclin v. Freake*, 650 F.2d at 888-89. An important factor in

determining whether to appoint counsel is the plaintiff's chance of success on the merits. *Lavado v. Keohane*, 922 F.2d 601, 605 (6th Cir. 1993); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

The Magistrate Judge correctly concluded that plaintiff has failed to show a substantial likelihood of success on the merits. Plaintiff's July 15, 2011 motion for reconsideration of the Magistrate Judge's Order denying his motion for the appointment of counsel (doc. 19) is DENIED.

09-02-2011

Edmund A. Sargus, Jr.
United States District Judge