IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard C. Collins, | : | |
| Plaintiff | : | Civil Action 2:10-cv-01161 |
| | : | |
| v. | : | Judge Sargus |
| | : | |
| Robin Knab and Alice Ault,, | : | Magistrate Judge Abel |
| Defendants | | |
| | : | |

**ORDER**

Plaintiff Richard C. Collins, a state prisoner, brings this action alleging that defendants Robin Knab, the Warden, and Alice Ault, the Health Care Administrator, denied him necessary medical treatment in violation of the Eighth Amendment. This matter is before the Court on plaintiff Richard C. Collins' October 6, 2011 objections to Magistrate Judge Abel's September 21, 2011 Report and Recommendation that defendants' July 19, 2011 motion for judgment on the pleadings be granted.[1]

In his motion for reconsideration, plaintiff expands on his allegations in the complaint. Plaintiff maintains that he began being harassed in 2009 by the C.C.I. commissary staff and subjected to inappropriate pat-downs. He also suffered pain related to a dental problem. In April 2009, a staff member, issued a false conduct report. In December 2009, a staff member in the commissary falsified another conduct report.

---

[1]On October 14, 2011, plaintiff filed a motion to amend the complaint (doc. 36), which is DENIED. Plaintiff failed to attach a proposed amended complaint from which the Court could evaluate the merits of plaintiff's request.

1

In November 209 and January 2010, plaintiff was treated for certain medical issues. When he continued to have problems, he brought the issue to the attention of Warden Knab and Alice Ault. Ault examined the injury and provided treatment. Plaintiff was injured again on May 8, 2010 and fractured his left shoulder. Treatment was delayed, causing plaintiff to suffer. Plaintiff submitted a number of exhibits to support his motion. Plaintiff argues that the Knab could have corrected the actions of the staff that caused him to suffer, but she inadequately performed her duty. He maintains that Knab allowed staff to conduct themselves in appropriately causing him permanent damage and deliberate suffering.

As the Magistrate Judge stated, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him to establish liability under §1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability. *Polk Co. v. Dobson,* 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events. There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Here, plaintiff does not allege any personal conduct on behalf of defendants for which they can be liable under § 1983. There are no allegations that defendants encouraged any specific incident of misconduct or in some way directly participated in it. The evidence submitted by plaintiff consists of informal complaints, kites and grievances directed toward the Warden and Ault. Prison officials, however,

2

cannot be liable under § 1983 for simply denying an inmate's administrative grievances. *Shehee v. Luttrell*, 199 F. 3d 295, 300 (6th Cir. 1999).

Plaintiff also alleges that defendant Knab failed to properly supervise his subordinates. The Magistrate Judge correctly concluded that Knab cannot be held liable for failing to supervise his subordinates under § 1983 unless an individual defendant violated plaintiff's constitutional rights. Here, the complaint fails to allege that any individual defendant directly participated in violating plaintiff's rights. As a result, Knab cannot be found liable for his failure to supervise. *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2001).

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendants' motion for judgment on the pleadings (doc. 20).

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants. This action is hereby **DISMISSED**.

11-4-2011

Edmund A. Sargus, Jr.
United States District Judge

3